**Joseph L. STEPHENS, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–301.**

Court of Appeals of Alaska.

April 19, 1985.

Mary E. Greene, Asst. Public Defender, Fairbanks, and Dana Fabe, Public Defender, Anchorage, for appellant.

W.H. Hawley, Asst. Atty. Gen., Office of Special Prosecutions and Appeals, Anchorage, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before BRYNER, Chief Judge, and COATS and SINGLETON, JJ.

## OPINION

COATS, Judge.

This case raises the question of whether and under what circumstances the police can conduct a search of a person for identification who has been subjected to a full custodial arrest. Stephens was convicted of possession of cocaine which was found when the police attempted to search him for identification. The parties in this case stipulated to the following facts:

(1) That the defendant was arrested, without a warrant, upon probable cause for two offenses of Assault in the Third Degree as alleged in the indictment in Case No. 4FA–S83–881 Cr.

(2) That pursuant to the arrest of the defendant, he was brought to the Fairbanks Police station.

(3) That while the defendant was at the police station, Lt. Kenneth Keber at-

tempted to determine the defendant's name and identification.

(4) That the defendant refused to orally answer any questions concerning his identity, residence, or other routine matters.

(5) That Lt. Keber thereupon checked the pockets of the defendant in an attempt to locate any identification.

(6) That upon removing items from the defendant's pockets to determine identification, two cocaine packages were seen which are the subject of a suppression motion filed herein.

(7) That the defendant was under custody at all times mentioned herein with the ultimate intention and expectation of processing police officers taking the defendant to the Fairbanks Correctional Facility.

(8) That before the defendant would have been placed in such facility a thorough search of his person would have been completed to assure that he was not placed in such facility while in the possession of any contraband substances.

Judge Jay Hodges denied Stephens' motion to suppress. Stephens then entered a plea of *nolo contendere* to the charge of possession of cocaine, reserving his right to appeal the denial of his suppression motion. *Cooksey v. State,* 524 P.2d 1251 (Alaska 1974), *Oveson v. Anchorage,* 574 P.2d 801 (Alaska 1978). Stephens now appeals to this court. We affirm.

▮ Under the United States Constitution, a police officer has broad authority to conduct a search of an arrestee's person and the area within his control incident to a valid arrest. *United States v. Robinson,* 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973); *Gustafson v. Florida,* 414 U.S. 260, 94 S.Ct. 488, 38 L.Ed.2d 456 (1973). This authority would apparently include the authority to search for identification. Stephens therefore relies entirely on decisions of the Alaska Supreme Court interpreting article 1, sections 14 and 22 of the Alaska Constitution. Stephens points out that the Alaska Supreme Court has not authorized a full search of the arrestee merely because

of the fact of arrest. However, a warrantless search incident to an arrest is authorized to assure the safety of arresting officers and to prevent the loss or destruction of evidence. *Dunn v. State,* 653 P.2d 1071, 1079–80 (Alaska App.1982). *McCoy v. State,* 491 P.2d 127, 138 (Alaska 1971). Stephens argues that the search of his person for identification was an illegal search incident to an arrest since the search was not a search for evidence of the assault or for weapons as authorized in *McCoy.*

The state first argues that we should uphold the search because evidence of the third degree assault could have been concealed on Stephens' person. However, under the stipulated facts, the search was for identification, not for evidence of the assault. There is nothing in this limited record to suggest that there was any evidence of the assault for which the police could search. The issue before us, consequently, is whether the search can be upheld as a search for identification.

The parties have not been able to refer us to authority addressing the problem of when a search for identification is proper under Alaska law when the search occurs incident to arrest. We assume that few such cases exist in other jurisdictions because under the United States Constitution the police already have authority to conduct a full search of an arrestee incident to an arrest. Under the federal constitution there is therefore no need to discuss a search for identification since a search for identification is subsumed under the general authority to search. Apparently, most courts follow the federal approach and thus do not reach the particular issue before us. It therefore appears that we must decide, on the basis of scant authority, if and when a search for identification is proper.

Stephens argues that if we permit a search for identification after a person has been arrested we will expand the authority of the police to search beyond the authority set forth in *McCoy.* Stephens argues that the police can frequently justify a search as a search for identification. He points

out that even if an arrestee identifies himself, the police can always justify a search for identification on the ground that the arrestee may have falsely identified himself. The state argues that since, in this case, the defendant refused to identify himself, there was an exigent circumstance which justified a search for identification.

 We are concerned that allowing a search for identification could provide a vehicle for greatly expanding the scope of those searches permitted incident to an arrest. Clearly searches for identification must be closely scrutinized to prevent this. However, in the instant case, Stephens was given the opportunity to identify himself and refused to do so. It appears that Stephens could have prevented the search by identifying himself or perhaps producing identification. *See State v. Flynn*, 92 Wis.2d 427, 285 N.W.2d 710, 719 (1979), *cert denied*, 449 U.S. 846, 101 S.Ct. 130, 66 L.Ed.2d 55 (1980). 3 W. LaFave, *Search and Seizure*, § 9.4(g) (Supp.1985).[1] The possibility that the search was not a legitimate search for identification but was a mere pretext has been eliminated under the facts as stipulated by the parties.[2] We

therefore conclude that this limited search for identification was permissible.

The conviction is AFFIRMED.

---

1. Professor LaFave and the *Flynn* case discuss identification searches in the context of investigative stops. *See also People v. Williams*, 63 Mich.App. 398, 234 N.W.2d 541 (1975), which prohibits searches for identification during an investigative stop. We note that there is an argument that an investigative stop presents a more compelling case for identifying a suspect since the officer can detain the suspect only for a limited period of time. The police should have a longer period of time to identify a person who is arrested and in most circumstances could obtain a warrant. We see no reason to require a warrant where there is a compelling need to search for identification where a person has been placed under arrest and note that a warrant would not be required under federal constitutional law. We believe that if searches for identification are limited to those circumstances where a person who otherwise cannot be readily identified refuses to identify himself and if courts closely scrutinize identification searches that these searches will not be abused.

2. We note that Professor LaFave, in discussing identification searches which are incident to an investigative stop, recommends "such searches should be limited only to wallets or similar common repositories of identification papers,

and examination of such containers should be allowed *only* to the extent necessary to find a driver's license or similar document. And if the precise location of the wallet or like container is not known, *only* a frisk should be allowed as a means of discovering it." 3 W. LaFave, *Search and Seizure*, § 9.4(g) at p. 94 (Supp.1985) (emphasis in original, footnote omitted).

Professor LaFave's comments are directed at eliminating searches which are overly broad or are a pretext. We decline to adopt Professor LaFave's recommendation in total, at least where the suspect has been subjected to a full custodial arrest. However, we believe his comments are a useful guide in keeping searches for identification suitably narrow. If an arrestee cannot be identified, and, after being given a full opportunity to identify himself refuses to identify himself, the search for identification must be narrow and reasonable. We assume that in most cases the police can identify a suspect by patting him down to see if he has a wallet or similar "common repository of identification papers" and looking inside that item only to the extent necessary to find identification.